## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTISAR R. NA'IM ) <br> 9555 Blake Lane ) <br> Apartment 103 ) <br> Fairfax, Virginia  22031-1784 ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CONDOLEEZA RICE, ) <br> SECRETARY OF STATE OF ) <br> THE UNITED STATES OF AMERICA ) <br> U.S. Department of State ) <br> 2201 C Street, N.W. ) <br> Washington, D.C.  20520 ) <br> ) <br>     Defendant. ) <br> ) <br> Serve: United States Attorney's Office ) <br>         For the District of Columbia ) <br>         555 4th Street, N.W. ) <br>         Washington, D.C.  20001 ) <br> ) <br>         Attorney General of the United States ) <br>         950 Pennsylvania Avenue, N.W. ) <br>         Washington, D.C.  20530 ) <br> ) <br>         Condoleezza Rice ) <br>         Secretary of State ) <br>         2201 C Street, N.W. ) <br>         Washington, D.C. 20520 ) | Civil Action No. |

## **COMPLAINT FOR DISCRIMINATION**

COMES NOW Plaintiff Intisar R. Na'im, by and through undersigned counsel, and states as follows:

1. Plaintiff brings this action pursuant to Title VII for discrimination on the basis of race in her employment and retaliation for her exercise of protected activity.

**JURISDICTION AND VENUE**

2.  Jurisdiction of this court is founded pursuant to 28 U.S.C. §§ 1331, 1337, 1343 and 1346.

3.  Venue lies in this Court, pursuant to 28 U.S.C. §§ 1391 and 1402, since the employment practices alleged to be unlawful were committed by defendant and its agents within the District of Columbia and it is a claim against an agency of the United States through its Secretary.

**PARTIES**

4.  Plaintiff, Intisar Na'im ("Ms. Na'im"), is an adult African-American female, a citizen of the United States and a bona fide resident of the state of Virginia. At all times alleged herein, Ms. Na'im is and was an employee of the State Department.

5.  The United States State Department is a duly-authorized and organized agency of the United States of America with its headquarters located in Washington, D.C. The State Department is subject to the prohibitions against discrimination and retaliation pursuant to Title VII of the United States Code.

**FACTS COMMON TO ALL COUNTS**

6.  Since about 1991, Ms. Na'im has been employed with the United States Department of State, and in about 1997, Ms. Na'im was assigned to work in the State Department's Office of Information Resources and Management Programs and Services, Requester Liaison Division ("IPS") as a Program Analyst. By 1999, Ms. Na'im had been an Information Analyst in that office for about three (3) years, and had risen to the grade level of GS 12 step 5. Her duties in that position included organizing and coordinating the information access under the Freedom of Information Act (FOIA) and Privacy Act (PA) programs, among other duties.

7.      On or about September 26, 2001, Ms. Na'im filed an informal EEO Complaint alleging race discrimination against her department chief Margaret Grafeld. (EEO No. 01-57). By that complaint, Ms. Na'im alleged that Grafeld had created an impermissibly racially hostile environment when she subjected Ms. Na'im to racially derogatory comments during the course of Ms. Na'im's security clearance investigation and an internal evaluation of Ms. Na'im's ultimately unsuccessful candidacy for a 1999 promotion within the department. Ms. Na'im also alleged that defendant had failed to provide her with timely performance evaluations, gave her unwarranted low performance ratings, and portrayed her in a demeaning and highly negative light professionally which undermined her work performance and professional standing. Following the filing of Ms. Na'im's 2001 EEO complaint, and the subsequent resolution of that claim, the pattern of discrimination and harassment against Ms. Na'im continued.

8.      On or about May 10, 2002, Ms. Na'im filed an informal EEO complaint against her immediate supervisor Tasha Thian. (EEO No. 02-05). By that complaint, Ms. Na'im claimed that the discriminatory conduct alleged under the prior EEO complaint continued under the subsequent supervision of Thian. Specifically, Ms. Na'im proffered that Thian had unfairly, and without cause or justification, provided her with untimely and unwarranted downgrading of her performance ratings in 2001 and attempted to place her on an utterly unjustified Performance Improvement Plan.

9.      In May 2002, Ms. Na'im's department issued a vacancy announcement for a GS 343-13 position (Vacancy Announcement No. 02-060). On May 15, 2002, Ms. Na'im applied for the position in the vacancy announcement. Ms. Na'im was informed that she was qualified and her name was certified with other qualified candidates. Once again, Ms. Na'im was not hired for the position.

10.     As a result of her non-selection, Ms. Na'im filed an informal complaint of discrimination in January 2003. (EEO No. 03-09).

11.     Since the filing of the above EEO protected activity, Ms. Na'im has been the victim of continued and unjustified demeaning comments about her professional abilities, her personal character and personal appearance by her supervisors and other agents of defendant. By 2005, Ms. Na'im was placed on an unjustified "Performance Improvement Plan," forced to endure harassing "coaching sessions" and threats of termination despite the fact that Ms. Na'im consistently either met her or exceeded her production "quotas."

12.     Faced with interminable and unjustified threats of termination, Ms. Na'im left IPS and took a downgraded position in the United States Passport Office. As a result, Ms. Na'im was forced to take a $10,000.00 pay reduction from a GS-12/step 7 to a GS-11/step 10.

13.     On or about August 15, 2006, Ms. Na'im filed a complaint charging the United States State Department with unlawful race discrimination and retaliation. On or about September 28, 2006, a final agency decision was sent to Ms. Na'im dismissing her complaint.

## FIRST CAUSE OF ACTION
### Violation of Title VII - Race Discrimination

14.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "13" as if originally pleaded herein.

15.     Defendant, through its agents or supervisors, unlawfully discriminated and been denied equal employment opportunities and other terms and conditions of employment against Ms. Na'im in her employment because of her race, when it placed her on an unjustified Performance Improvement Plan without cause of justification in violation of Title VII of the Civil Rights Act of 1964, as amended.

16.     As a direct and proximate result of the illegal employment discrimination by Defendant, Ms. Na'im has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress.  Ms. Na'im has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

17.     Ms. Na'im is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights.  Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award her, under Title VII of the Civil Rights Act, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)     To award her, under Title VII of the Civil Rights Act, compensatory damages in an amount to be determined at trial as the result of the unlawful discrimination against her;

(c)     To award her reasonable attorney's fees and costs of this action; and

(d)     To award her such other and further relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
**Violation of Title VII – Hostile Work Environment**

18.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "17" as if originally pleaded herein.

19.     Defendant, through its agents or supervisors, unlawfully discriminated against Ms. Na'im in her employment when it created and allowed the continuation of a racially hostile and abusive environment, in violation of Title VII of the Civil Rights Act of 1964, as amended.

20.     As a direct and proximate result of the illegal hostile and abusive environment

fostered by Defendant, Ms. Na'im has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Ms. Na'im has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

21.   Ms. Na'im is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)   To award her, under Title VII of the Civil Rights Act, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)   To award her, under Title VII of the Civil Rights Act, compensatory damages in an amount to be determined at trial as the result of the unlawful discrimination against her;

(c)   To award her reasonable attorney's fees and costs of this action; and

(d)   To award her such other and further relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### Retaliation

22.   Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "21" as if originally pleaded herein.

23.   Defendant, through its agents or supervisors, unlawfully retaliated in the terms and conditions of her employment against Ms. Na'im when she lodged complaints of discrimination against defendant and its agents in September 2001, May 2002 and January 2003, without cause of justification, in violation of Title VII, as amended.

24.   As a direct and proximate result of the illegal employment discrimination and

practice by Defendant, Ms. Na'im has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Ms. Na'im has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

25.     Defendant has followed a policy and practice of discrimination in employment against Ms. Na'im on account of her EEO activity.

26.     Ms. Na'im is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award her, under Title VII, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)     To award her, under Title VII, compensatory damages in an amount to be determined at trial as the result of the unlawful discrimination against her;

(c)     To award her reasonable attorney's fees and costs of this action; and

(d)     To award her such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff respectfully requests a jury trial on all issues.

                                                     Respectfully submitted,

                                                     _____
                                                     Lisa Alexis Jones, Esq.
                                                     Lisa Alexis Jones, PLLC
                                                     Unified Bar Number 421002
                                                     1200 G Street, N.W.
                                                     Suite 800
                                                     Washington, D.C. 20005
                                                     (202) 434-4507
                                                     (202) 434-8707 (Fax)
                                                     orbitcv@erols.com

                                                     *Counsel for Plaintiff*

Dated: December 28, 2006

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Intsar R. Na'im

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Fairfax
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lisa Alexis Jones, PLLC  (202) 434-4507
1200 G St. NW #800, Wash., DC. 20005

## DEFENDANTS
Condoleezza Rice

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRA...

CASE NUMBER 1:06CV02237
JUDGE: Ricardo M. Urbina
DECK TYPE: Employment Discrimination
DATE STAMP: 12/28/2006

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP FOR PLAINTIFF AND...

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ☐ G. *Habeas Corpus/* *2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ I. *Employment* *Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY* *ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA* *(non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights* *(non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII, 42 U.S.C. §2000i(e) Retaliation And Race Discrimination

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ Unspecified Damages   Check YES only if demanded in complaint   JURY DEMAND ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE 12/28/06   SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.