UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INTISAR R. NA'IM,                )
                                 )
                Plaintiff,       )
                                 )
        v.                       )   C.A. No. 06-2237 (RMU)
                                 )
CONDOLEEZA RICE,                 )
Secretary of State,              )
                                 )
                Defendant.       )
                                 )
_____)

ANSWER

        Defendant Condoleezza Rice, in her official capacity as
Secretary of the United States Department of State, by and
through her undersigned attorneys, submits the following
answer to the complaint:

FIRST DEFENSE

        This Court lacks jurisdiction over certain claims in
this action because plaintiff has not timely exhausted her
administrative remedies.

SECOND DEFENSE

        Defendant answers the numbered paragraphs of the com-
plaint as follows:

        Paragraph (¶)1.  This paragraph is plaintiff's
characterization of the case, as to which no answer is
required.

        ¶ 2.  This paragraph is a conclusion of law as to which

no answer is required.

¶ 3.  This paragraph is a conclusion of law as to which no answer is required.

¶ 4.  Admitted, except that defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that plaintiff is a bona fide resident of the Commonwealth of Virginia.

¶ 5.  Admitted.

¶ 6.  Denied, except that it is admitted that plaintiff was employed by the Department of State effective September 23, 1990, as a GS-5 Paralegal Specialist in the Case Management Branch, Office of Freedom of Information, Privacy and Classification Review, Information Management Programs. It is further admitted that on January 19, 1997, plaintiff was a GS-11 paralegal specialist in the Information Response Branch, Statutory Compliance and Research Division, Bureau of Administration, and that effective February 16, 1997, plaintiff was promoted to a GS-12 paralegal specialist position in the Information Response Branch, Statutory Compliance and Research Division, Bureau of Administration. It is further admitted that effective May 21, 2000, plaintiff was reassigned to a GS-12 information analyst position in the Requester Communications Branch, Office of Informa-

tion Resources Management Programs and Services, and the
Court is respectfully referred to plaintiff's position des-
cription for a full and accurate statement of her duties and
responsibilities.

⁋ 7.  The first sentence is denied, except that it is
admitted that plaintiff made an informal administrative EEO
complaint that was resolved on September 26, 2001, by
mediation. The second and third sentences are plaintiff's
characterization of the contents of that complaint, as to
which no answer is required; to the extent that an answer is
deemed to be required, the two sentences are denied.  The
final sentence is denied.

⁋ 8.  Denied, except that it is admitted that plaintiff
made an informal administrative EEO complaint in February
2002 that is identified as agency case number I/01-57.  This
informal complaint alleged retaliation by her supervisor in
connection with plaintiff's 2001 performance evaluation, and
the Court is respectfully referred to the complaint for a
full and accurate statement of its contents.

⁋ 9.  The first sentence is denied, except that it is
admitted that a Vacancy Announcement for GS-13 Program
Analyst positions (multiple vacancies) in the Department of
State, Bureau of Administration, Records and Publishing

3

Services, Office of IRM Programs and Services (Vacancy Announcement No. A/EX-02-060) was posted in April 2002.  The second sentence is admitted.  The third sentence is denied, except that it is admitted that plaintiff was on the certificate of 32 candidates certified to be eligible for the position.  The fourth sentence is denied, except that it is admitted that plaintiff was not selected for one of the positions.

¶ 10.  Denied, except that it is admitted that plaintiff filed a formal complaint of discrimination on November 19, 2002, which is identified as EEO Case Number 03-09, and the Court is respectfully referred to that EEO Complaint for a full, fair, and accurate statement of its allegations.

¶ 11.  The first sentence is denied.  The second sentence is denied, except that it is admitted that plaintiff was placed on a performance improvement plan ("PIP") on January 26, 2006.

¶ 12.  Denied, except that it is admitted that plaintiff requested to be transferred to a lower-grade passport specialist position and that she was changed from a GS-12/step 7 program analyst to a GS-11/step 10 passport specialist in the Washington Passport Agency effective May 14, 2006.  This resulted in a reduction of her salary from

4

$78,055 to $70,558.

¶ 13.  The first sentence is denied, except that it is admitted that plaintiff filed a formal complaint of discrimination dated August 15, 2006, which defendant identified as EEO Case Number DOS-F-092-06.  The Court is respectfully referred to the EEO Complaint for a full, fair, and accurate statement of its allegations.  The second sentence is admitted.

¶ 14.  In response to this paragraph, defendant adopts and incorporates by reference her responses to paragraphs 1 through 13 set forth above.

¶ 15.  Denied.

¶ 16.  Denied.

¶ 17.  As to the first sentence, defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of plaintiff's beliefs; defendant denies the substance of the allegations made in this sentence.  The second sentence is denied.  The remaining portion of this paragraph consists of plaintiff's prayer for relief, which requires no response, but to the extent a response is deemed required, defendant denies that plaintiff is entitled to any relief.

¶ 18.  In response to this paragraph, defendant adopts

and incorporates by reference her responses to paragraphs 1 through 17 set forth above.

¶ 19.  Denied.

¶ 20.  Denied.

¶ 21.  As to the first sentence, defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of plaintiff's beliefs; defendant denies the substance of the allegations made in this sentence.  The second sentence is denied.  The remaining portion of this paragraph consists of plaintiff's prayer for relief, which requires no response, but to the extent a response is deemed required, defendant denies that plaintiff is entitled to any relief.

¶ 22.  In response to this paragraph, defendant adopts and incorporates by reference her responses to paragraphs 1 through 21 set forth above.

¶ 23.  Denied.

¶ 24.  Denied.

¶ 25.  Denied.

¶ 26.  As to the first sentence, defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of plaintiff's beliefs; defendant denies the substance of the allegations made in this

6

sentence.  The second sentence is denied.  The remaining

portion of this paragraph consists of plaintiff's prayer for

relief, which requires no response, but to the extent a

response is deemed required, defendant denies that plaintiff

is entitled to any relief.


     All allegations not expressly admitted or denied are

denied.

     WHEREFORE, defendant requests this Court to deny the

plaintiff all relief requested, dismiss the complaint with

prejudice, grant defendant such other relief as the Court

deems appropriate, and award defendant the costs of this

action.

                         Respectfully submitted,

                         JEFFREY A. TAYLOR, D.C. Bar #498610
                         United States Attorney

                         RUDOLPH CONTRERAS, D.C. Bar #434122
                         Assistant United States Attorney
                                   /s/
                         FRED E. HAYNES, DC Bar #165654
                         Assistant United States Attorney
                         555 4th Street, N.W.
                         Washington, D.C. 20530
                         202.514.7201

OF COUNSEL:

Kathryn N. Skipper
Attorney-Adviser
Department of State
Washington, D.C.

                              7