```
             UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLUMBIA

INTISAR R. NA'IM,              )
                               )
          Plaintiff,           )
                               )
     v.                        )  C.A. No. 06-2237 (RMU)
                               )
CONDOLEEZZA RICE,              )
Secretary of State,            )
                               )
          Defendant.           )
                               )
_____)
```

PARTIES' REPORT TO THE COURT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), LCvR 16.3, and this Court's standing order for civil cases, the parties submit the following report and discovery plan.

Statement Of The Case

This is a Title VII action. Plaintiff, an African-American employee of the Department of State, alleges that she has been the victim of race discrimination and retaliation for exercising her Title VII rights. The complaint lists three causes of action. The first (Count I) claims that plaintiff was placed on an unjustified performance improvement plan ("PIP") in 2005,[1] that her rating for that year was improperly delayed, and that these actions were taken because of her race. Count II claims that plaintiff, because of her race, was the victim of a hostile work environment. Count III alleges that certain unspecified

---

[1] Defendant disagrees on the time of the imposition of the PIP; defendant asserts that plaintiff was formally placed on the PIP in late January 2006.

actions were done to retaliate against her for exercising her Title VII rights. The State Department denies that it discriminated or retaliated against plaintiff. Additionally, the State Department has certain preliminary defenses: that the acts alleged in Count I do not rise to the level of an adverse personnel action for which relief is available under Title VII; that plaintiff failed to file an administrative claim concerning the alleged hostile work environment; and that plaintiff cannot establish a prima facie case of retaliation.

## Local Civil Rule 16 Report

1. <u>Likelihood Of Resolution By Dispositive Motion</u>. A motion to dismiss was not filed by defendant. Defendant proposes to file a summary judgment motion by September 14, 2007, that will seek dismissal of the case on grounds that do not require further discovery.

2. <u>Amendment Of Pleadings/Addition of Parties</u>. At this time, the parties do not anticipate amending the pleadings or adding other parties. It is unclear at this time whether the factual or legal issues can be agreed upon or narrowed.

3. <u>Assignment To Magistrate Judge</u>. The parties do not request that the case be assigned to a magistrate judge for all purposes.

4. <u>Possibility Of Settlement</u>. It is unclear at this time whether the case can be settled.

5. <u>Alternative Dispute Resolution</u>.  The parties have discussed the possibility of alternative dispute resolution and are agreeable to having this case referred to mediation after the close of discovery – assuming that the Court does not grant defendant's motion for summary judgment filed by September 14, 2007.

6. <u>Dispositive Motions</u>.  Defendant proposes to file a summary judgment motion by September 14, 2007.  If that motion is denied in whole or in part, it is unclear at this time whether further summary judgment motions will be filed at the conclusion of discovery.  The parties agree that such further motions, if filed, should be filed thirty days after the close of discovery.

7. <u>Initial Disclosures</u>.  The parties agree that initial disclosures should be exchanged by the parties within forty-five days after the initial scheduling conference on August 30, 2007.

8. <u>Discovery</u>.  The parties agree that discovery should commence on the date of the Court's decision on defendant's motion for summary judgment, if such motion is denied in whole or in part.  The discovery period should be for 120 days.

9. <u>Exchange Of Expert Witness Reports</u>.  There is no need for changes in the procedures relating to expert witness reports and information.  The parties believe that it would be premature at this time to make decisions relating to expert witness depositions.

10. <u>Class Actions</u>.  Not applicable.

11. <u>Bifurcation</u>.  Trial and discovery do not need to be bifurcated.

12. <u>Date For Pretrial Conference</u>.  Assuming that the case is not resolved by summary judgment, the parties propose that the pretrial conference be held forty-five days after the close of discovery or after the resolution of the summary judgment motions, if any, filed after the close of discovery, whichever is latest.

13. <u>Trial Date</u>.  The parties believe that the date for the trial should be set at the pretrial conference.

<u>Discovery Of Electronically-Stored Data</u>

The following information is provided by defendant as to electronically-stored information in defendant's possession that may relate to plaintiff's employment in the Office of Information Programs and Sevices in the Bureau of Administration (A/ISS/IPS), Department of State, and the Performance Improvement Plan (PIP) that plaintiff alleges she was placed on as an act of race discrimination and retaliation.

The Department of State uses the Microsoft suite of products, including MS Exchange, Outlook, and Word. Within the Department of State, most Bureaus and offices operate their own systems with their own information technology staff.

E-Mail. E-mail is stored in the user's mailbox upon receipt. The user may then delete the e-mail, reply, forward, or print the e-mail.  Unless deleted, the e-mail is stored on the e-mail server.  In some cases (due to disk storage limits), users can move e-mail to a network drive. In very rare instances, the e-mail can be moved to the individual's hard drive, but this is discouraged (to facilitate system back-ups). User mailboxes (stored on the e-mail server or network drive) are backed up nightly to back-up tape. The back-up tapes for the Office of Information Programs and Sevices (A/ISS/IPS) (the office in which the plaintiff was employed) are stored for six weeks and then recycled/overwritten. The back-up tapes for the Executive Office of the Bureau of Administration (A/EX) (the office that provides human resources support for A/ISS/IPS) are stored for six months and then recycled/overwritten. No easy or automated mechanism exists to search or recover individual mailboxes stored on tapes over time. The current back-up system is designed to restore all E-mail for approximately 400 users in A/ISS/IPS and 1,300 users in A/EX in the event of a system failure.

Word Processing and Other Microsoft Office documents.  Users can store MS Office documents on network drives in a manner similar to e-mails.  In some cases, users store Office documents on their hard drive.  No easy or automated mechanism exists to search or recover individual files stored on tape over a time

5

period. Back-ups are performed nightly for both A/ISS/IPS and A/EX in the same manner as for the emails. The current back-up system is designed to restore all files for approximately 1,700 users in both A/ISS/IPS and A/EX in the event of a system failure.

In this matter, plaintiff was formally placed on a Performance Improvement Plan (PIP) on January 26, 2006. Employees who were involved with the PIP included: Plaintiff, Mary Casto, Tasha Thian, Charlene Wright Thomas, Margaret Grafeld, Lisa Bell, and Melissa Lytell. All of these employees (other than plaintiff) have been informed of plaintiff's complaint and the need to preserve all documents, both hard-copy and electronically-stored information, relevant to the case. In addition, defendant has made images of the hard drives for Margaret Grafeld and Tasha Thian, as well as for Lisa Bell and Melissa Lytell. Searching those drives for keywords would be expensive, time consuming, and would require special expertise to perform. Defendant also has placed a freeze on Mail Server and File Server back up tapes (full monthly back up tapes for the months of January, July and August 2006) for the mail and file servers for Lisa Bell and Melissa Lytell. Defendant has also placed a freeze on the two sets of back-up tapes for the IPS unclassified systems (including but not limited to the E-mail and network file server). One collection of back-up tapes consist of back-ups from March 30,

6

2007 to April 6, 2007. The other collection of IPS tapes consist of back-ups from 26 March, 2007, to May 1, 2007. As noted above, these tapes are for numerous IPS servers, not just the E-Mail or file servers. The electronically stored material that has been found related to the PIP to date is sufficiently small in computer terms to make its presentation to plaintiff in hard copy a realistic alternative to its production in its native format, should discovery be necessary in this matter.

        Respectfully submitted,

        JEFFREY A. TAYLOR, DC Bar#498610
        United States Attorney

        RUDOLPH CONTRERAS, DC Bar #434122
        Assistant United States Attorney
              /s/
        FRED E. HAYNES, DC Bar #165654
        Assistant United States Attorney
        555 4th Street, N.W., Room E-4110
        Washington, D.C. 20530
        (202) 514-7201
        Attorneys for Defendant

        By authorization
        Lisa Alexis Jones, DC Bar #421002
        Lisa Alexis Jones, PLLC
        1200 G Street, N.W., Suite 800
        Washington, D.C. 20005
        (202) 434-4507
        Attorney for Plaintiff

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

INTISAR R. NA'IM,              )
                               )
          Plaintiff,           )
                               )
     v.                        )  C.A. No. 06-2237 (RMU)
                               )
CONDOLEEZZA RICE,              )
Secretary of State,            )
                               )
          Defendant.           )
                               )
_____)
```

SCHEDULING ORDER

UPON CONSIDERATION of the joint report submitted by the parties under LCvR 16.3, it is this _____ day of _____, 2007, ORDERED:

1. The initial disclosures will be made by October 15, 2007.

2. Defendant will file a summary judgment motion by September 14, 2007.

3. Should the Court deny that summary judgment motion in whole or in part, discovery will commence on the date of the denial and continue for 120 days.

3. If there is a discovery period, the case will be referred to mediation after the close of discovery, if the parties believe that such mediation would be helpful in resolving the case.

    4.   Summary judgment motions after the close of discovery, if any, will be filed no later than 30 days after the close of discovery.

    5.   The pretrial conference will be held forty-five days after the close of discovery or after the resolution of the summary judgment motions, whichever is later.

                                                  _____

                                                UNITED STATES DISTRICT JUDGE

Copies to the parties