**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTISAR R. NA'IM ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06 CV 2237 (RMU) |
| ) | |
| CONDOLEEZA RICE ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFF'S MOTION TO CONDUCT DISCOVERY PURSUANT TO RULE 56(f)**

COMES NOW, Plaintiff, Intisar Na'im, by and through her undersigned counsel, and hereby respectfully submits this motion to conduct discovery pursuant to Rule 56(f). Plaintiff has advised counsel for the Government of the filing of this motion, and Government's counsel has indicated that the Government will not take a position on the motion until it has reviewed it. The reasons for this motion are as follows:

Federal Rules of Civil Procedure 56(f) provides:

Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or **discovery to be had or may make such other order as is just.** (Emphasis added).

Rule 56(f) contemplates that a motion for summary judgment should be denied where the party opposing the motion has not yet had a reasonable opportunity to conduct discovery. Should it appear that a party opposing the motion cannot for reasons stated present facts essential to justify the party's opposition, the Court may refuse the application for judgment or may order

1

a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. Strang v. United States Arms Control & Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989). "[T]he purpose of Rule 56(f) is to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." Dickens v. Whole Foods Market Group, Inc., 2003 WL 21486821, at 2 n.5 (D.D.C. Mar. 18, 2003)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)).  And, of course, whether the circumstances warrant a continuance to permit discovery is a decision that falls within the discretion of the trial court. Stella v. Mineta, 284 F.3d 135, 147 (D.C. Cir. 2002). A non-moving party seeking the protection of Rule 56(f) "must state by affidavit the reasons why he is unable to present the necessary opposing material." Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Wash., 699 F.2d 1274, 1278 n.6 (D.C. Cir. 1983).  Further, the non-moving party bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion. Byrd v. Envtl. Prot. Agency, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999).

Here, should plaintiff be afforded the full and complete discovery for which she is entitled, plaintiff would seek additional discovery and depose defense witnesses about conversation supporting Ms. Na'im's claims that her supervisors' mistreatment was based upon the numerous EEO complaints lodged against them.  After all, Ms. Na'im had previously settled a prior EEO claim against Margaret Grafeld, and Grafeld and others had been the target of Ms. Na'im's EEO complaints at least three additional times.  Further, Ms. Na'im ultimately received a fully successful 2005 performance rating, casting doubt on her supervisor's proffered reasons from placing her on a Performance Improvement Plan.  And, Ms. Na'im's fears that she was

being run out of out IPS came to a head when she took a lower paying job in the passport office instead of enduring her supervisors' unrelenting harassment. That an inference could be made that Ms. Na'im as unfairly marginalized because of her persistent EEO activity is hardly speculative, and amplifying the evidence relating to discriminatory intent suffices for the relaxed requirements, at this early stage in the litigation, to suggest that discovery would reveal triable issues of fact. Carpenter v. Fed. Nat'l Mortgage Ass'n, 174 F.3d 231, 237 (D.C. Cir. 1999).

Further, evidence relating to Ms. Na'im's charge of discrimination, including notes of interviews and the EEO counselor's final report are in the sole possession of the Government. Discovery will adduce evidence consistent with Ms. Na'im's informal complaint that a theory of hostile work environment was at the heart of her contentions. These lines of inquiry are examples of the type of inquiry that the plaintiff should be entitled to explore through discovery. See Declaration of Lisa Alexis Jones, incorporated herein as Plaintiff's Exhibit "1." In short, plaintiff will adduce facts directly relating to the Government's intent when it made the employment decisions alleged in plaintiff's complaint, illuminate plaintiff's theory that Ms. Na'im was the victim of a concerted effort by the Government's agents to remove her from her employment because of her race and her repeated EEO claims against them and uncover evidence wholly in the Government's possession rebutting its claims that it was not put on notice regarding Ms. Na'im's hostile work environment claim. This discovery relates directly to the factual assertions upon which defendant's motion is based and will impact this Court's ultimate ruling on defendant's summary judgment motion.

Of course, because so many of the relevant facts are solely within the control of the defendant or third-parties, both plaintiff and the Court are left to speculate about the outcome of discovery and the potential impact that discovery will have on the legal issues presented by

defendant's motion. But that is why the proper course is for the Court to deny the summary judgment motion, without prejudice to renewal of that motion after conclusion of discovery. This will assure a level playing field and will permit the Court to decide the important issues raised by this case on a complete and accurate factual record. In short, plaintiff has sufficiently articulated how discovery will allow her to attack the factual assertions made by defendant in its summary judgment motion. See <u>United States v. General Motors Corp.</u>, 518 F.2d 420, 442 (D.C. Cir. 1975).

>Respectfully submitted,
>
>/s/ Lisa Alexis Jones
>Lisa Alexis Jones, Esq.
>Lisa Alexis Jones, PLLC
>1200 G Street, N.W., Suite 800
>Washington, D.C. 20005
>(202) 434-4507
>(202) 434-8707 Fax
>orbitcv@erols.com
>
>*Counsel for Plaintiff*

Dated: October 26, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October 2007, I caused to be served via ECF the foregoing Rule 56(f) Motion for Discovery to:

>Fred E. Haynes, Esq.
>Assistant United States Attorney
>Civil Division
>555 4th Street, N.W., Room E-4110
>Washington, D.C.  20530

>/s/ Lisa Alexis Jones
>LISA ALEXIS JONES, ESQ.

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTISAR R. NA'IM                               ) | |
|                                      ) | |
|    Plaintiff,                                   ) | |
|                                      ) | |
|    v.                                              ) | Civil Action No. 06 CV 2237 (RMU) |
|                                      ) | |
| CONDOLEEZA RICE                          ) | |
|                                      ) | |
|    Defendant.                                 ) | |
| _____) | |

**PROPOSED ORDER**

Upon consideration of plaintiff's Motion for Discovery and the record herein, it is this

____ day of _____, 2007, hereby

**ORDERED**, that plaintiff's Motion be and hereby is **GRANTED**.  Be it further

**ORDERED**, that defendant's Motion for Summary Judgment is **DENIED** without prejudice.

                                                                        _____
                                                                        Ricardo M. Urbina
                                                                        United States District Judge

Copies to:

Lisa Alexis Jones, Esq.

Fred E. Haynes, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTISAR R. NA'IM )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>CONDOLEEZA RICE )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 06 CV 2237 (RMU) |

## **DECLARATION OF LISA ALEXIS JONES**

I, Lisa Alexis Jones, do hereby declare as follows:

1. I am counsel of record for plaintiff, Intisar R. Na'im.

2. Through discovery, counsel anticipates demanding the production of documents relating to Ms. Na'im's informal and formal complaints of discrimination. Such documents will be requested to rebut the Government's contention that it was not put on notice regarding Ms. Na'im's hostile work environment claim. Counsel further anticipates demanding records and documents relating to the basis for Ms. Na'im's 2005 performance rating by Tasha Thian, as well as documents and records contradicting Ms. Thian's assessment.

3. Counsel additionally anticipates deposition testimony of Ms. Thian and Margaret Grafeld regarding their threats to terminate Ms. Na'im and their reactions to Ms. Na'im's numerous claims of discrimination against them.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

/

/

1

2

information and belief.

Dated: October 26, 2007

        /s/ Lisa Alexis Jones
        Lisa Alexis Jones
        Lisa Alexis Jones, PLLC
        1200 G Street, N.W., Suite 800
        Washington, D.C. 20005
        (202) 434-4507
        (202) 434-8707 Fax
        orbitcv@erols.com

        *Counsel for Plaintiff*