```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

INTISAR R. NA'IM,                )
                                 )
            Plaintiff,           )
                                 )
     v.                          )   C.A. No. 06-2237 (RMU)
                                 )
CONDOLEEZZA RICE,                )
Secretary of State,              )
                                 )
            Defendant.           )
                                 )
_____  )

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's opposition to defendant's summary judgment motion is long on rhetoric but short on persuasive legal argument. As we explain below, plaintiff's contentions are meritless, and the motion for summary judgment should be granted.

A. Count I, The Performance Improvement Plan Claim

Our Court of Appeals has held that being placed on a performance improvement plan is not, without more, an adverse employment action. Taylor v. Small, 350 F.3d 1286, 1293 (D.C. Cir. 2003). The Court of Appeals also outlined what is required to turn criticism of work performance, such as a performance improvement plan, into an actionable adverse employment action:

> As we have noted before, "formal criticism or poor performance

> evaluations are [not] necessarily adverse actions" and they should not be considered such if they did not "affect[ ]the [employee's] grade or salary." Brown v. Brady, 199 F.3d 446, 457-58 (D.C. Cir. 1999)

350 F.3d at 1293 (the brackets appear in the quoted text).

Defendant's statement of material facts not in genuine dispute contains, at paragraph 18, the following statement, supported by a declaration: "The PIP was not placed in plaintiff's Official Personnel Folder, and it did not affect plaintiff's grade or salary." Plaintiff's opposition, however, asserts that "[w]ithout proper discovery, plaintiff is without sufficient knowledge [to] admit or deny" the paragraph, and plaintiff further states that she therefore denies these facts. Plaintiff's opposition to the summary judgment motion, at page 3.[1]

The assertion that discovery is needed to verify the truth of paragraph 18 does not make sense; plaintiff would know if her grade level or salary had been affected by the PIP, and a quick review of her official personnel folder would verify that the PIP was not in that folder. There is no need for discovery to determine the accuracy of paragraph

---

[1] There are only 18 paragraphs in defendant's statement of material fact; the paragraphs preceding paragraph 18 are in substance admitted by plaintiff.

18. (Defendant will respond shortly to plaintiff's motion to be allowed to carry out discovery under Fed. R. Civ. P. 56(f).)

Plaintiff's opposition also refers to a minimally successful performance appraisal that plaintiff was given, although Count I does not refer to a performance appraisal. For the reasons set forth in Taylor v. Small, supra, a claim relating to a performance appraisal can proceed only if there is evidence that the appraisal affected the plaintiff's grade or pay. Such a showing cannot be made here. Count I should be dismissed.

B. Count II, The Hostile Work Environment Claim

As explained in defendant's memorandum in support of the summary judgment motion, at pages 7-11, when a plaintiff's administrative charge does not contain a hostile work environment or harassment claim or factual allegations supporting such a claim, the litigant cannot add a hostile work environment claim to her complaint in a civil suit. Park v. Howard University, 71 F.3d 904, 909 (D.C. Cir. 1995); see also Christopher v. Billington, 43 F.Supp.2d 39, 47-48 (D.D.C. 1999) (holding that an EEO complaint limited to claims of sex discrimination is insufficient to support a claim of a hostile work environment in a subsequent civil

suit). In <u>Park</u>, the plaintiff's administrative complaint alleged sex and national origin discrimination when she was not selected for a position, but she did not include a claim of a hostile work environment in her administrative complaint. <u>Id.</u> at 906. The Court stated that "[b]ecause [plaintiff's] EEOC charge contained no claims or factual allegations that could reasonably be expected to lead to a hostile work environment claim, we hold that she failed to exhaust her administrative remedies for such a claim at the EEOC." <u>Id.</u> at 909.

Plaintiff's response to this is to admit, as she must, that her formal administrative complaint to the agency did not include a hostile work environment claim. Plaintiff contends, however, that the agency was on notice that plaintiff was complaining about a hostile work environment. As support for this assertion, plaintiff attaches numerous exhibits to her opposition to the summary judgment motion. Defendant submits that these exhibits do not give notice of a hostile work environment claim. All the exhibits show is that plaintiff was unhappy and felt (and had felt for a long time) that she was the victim of discrimination.

Courts have recognized that a claim based on a hostile work environment requires workplace conditions that are

"permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the terms and conditions of employment." Oracle v. Sun downer Offshore Services, Inc., 523 U.S. 75, 78 (1998) (quoting Harris v. Forklift Systems, 510 U.S. 17, 21 (1993)); Stewart v. Evans, 275 F.3d 1126, 1133-34 (D.C. Cir. 2002). The exhibits to plaintiff's opposition do not establish this.

The longest exhibit prepared by plaintiff is Exhibit G; it is a copy of her March 7, 2006, statement of allegations and remedies provided to the EEO counselor.[2] A close reading of this exhibit reveals two things. First, the allegations cover plaintiff's entire period of service at the State Department. For example, the alleged discriminatory remark made by Ms. Grafeld about plaintiff's curly hair occurred in 1990. Exhibit G, at page 2-3. The alleged adverse comments made to the investigators reviewing plaintiff's security clearance were made in 2001. Exhibit G, at pages 1, 2, 6. Remarks made by Tasha Thian during a performance review (that other supervisors felt that plain-

---

[2] Plaintiff asserts at page 14 of her memorandum in opposition that in her formal complaint, Exhibit A, she specifically references the allegations and remedies statement she submitted to the EEO counselor, but in fact all that she referenced in her formal complaint was the remedies section that she had set out in the earlier submission to the EEO counselor.

tiff shouted at them and that plaintiff's voice was loud) were made in 2001, etc.

The second thing that all the exhibits reveal is plaintiff's failure to establish that her workplace conditions were "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the terms and conditions of employment." The exhibits show that the State Department had concerns about plaintiff's work performance. The existence of such concerns, even when conveyed to plaintiff, do not support, without more, a hostile work environment claim. Count II should be dismissed.

C. Count III, The Retaliation Claim

Defendant explained in her memorandum for summary judgment that for a prima facie case of retaliation, plaintiff must establish (1) that she engaged in activity that is statutorily protected under Title VII, (2) that the employer took an adverse action, and (3) that a causal connection existed between the two. Mitchell v. Baldrige, 759 F.2d 80, 86 (D.C. Cir. 1985). The causal connection can be assumed, for purposes of establishing the prima facie case, if there is a close temporal connection between the time of the protected activity and the time of the adverse action.

Plaintiff argues at page 18 of her opposition that

defendant concedes that for purposes of the retaliation claim plaintiff has established an adverse employment action; this is incorrect, See defendant's memorandum in support of her motion, footnote 2 at page 11.)  The point that defendant is making is that, given the filing date of the administrative Title VII complaint that is the basis of this action and the history of the processing of plaintiff's administrative Title VII claim, there is insufficient temporal proximity of the protected activity and the alleged retaliatory acts to infer a causal relationship.  For that reason, Count III should be dismissed.

D. Conclusion

For the reasons set forth above and in defendant's memorandum in support of her summary judgment motion, this case should be dismissed.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/ Fred E. Haynes
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
202.514.7201

OF COUNSEL:

Kathryn N. Skipper
Attorney-Adviser
Department of State
Washington, D.C.