```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

INTISAR R. NA'IM,              )
                               )
         Plaintiff,            )
                               )
     v.                        )   C.A. No. 06-2237 (RMU)
                               )
CONDOLEEZZA RICE,              )
Secretary of State,            )
                               )
         Defendant.            )
                               )
_____)
```

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
RULE 56(f) MOTION FOR DISCOVERY

Plaintiff has opposed defendant's motion for summary judgment, in part because she claims that she needs "full and complete" discovery to prove her case. Consistent with this contention, plaintiff has filed a motion under Fed. R. Civ. P. 56(f) seeking discovery prior to the Court's ruling on the motion for summary judgment. As we explain below, plaintiff has failed to meet her burden of showing that she needs discovery before the resolution of the summary judgment motion. The facts relevant to the resolution of defendant's motion do not require discovery. Plaintiff's motion should be denied.

A. Count I, The Performance Improvement Plan Claim

As explained in defendant's memoranda in support of the summary judgment motion, our Court of Appeals has held that

being placed on a performance improvement plan is not, without more, an adverse employment action. <u>Taylor v. Small</u>, 350 F.3d 1286, 1293 (D.C. Cir. 2003). The "more" that is required is proof that being placed on the PIP affected plaintiff's grade or salary.

Defendant's statement of material facts not in genuine dispute contains, at paragraph 18, the following statement, supported by a declaration: "The PIP was not placed in plaintiff's Official Personnel Folder, and it did not affect plaintiff's grade or salary." Plaintiff's opposition to the summary judgment motion, however, asserted that "[w]ithout proper discovery, plaintiff is without sufficient knowledge [to] admit or deny" the paragraph, and plaintiff further stated that she therefore denied these facts. Plaintiff's opposition to the summary judgment motion, at page 3.

The assertion that discovery is needed to verify the truth of paragraph 18 is illogical; plaintiff would know if her grade level or salary had been affected by the PIP, and a quick review of her official personnel folder would verify that the PIP was not in that folder. There is absolutely no need for discovery to determine the accuracy of paragraph 18. Interestingly, plaintiff's memorandum in support of her motion for discovery and the short declaration by her

2

attorney attached to the motion are silent as to the need for discovery to show that placement on the PIP constituted an adverse employment action that is actionable under Title VII of the Civil Rights Act of 1964.  There is, in fact, no need for such discovery.

B.   Count II, The Hostile Work Environment Claim

Plaintiff argues in her motion seeking discovery that she is entitled to discovery on Count II in that defendant may have possession of documents and information that may show that it was on notice that plaintiff was pursuing a hostile work environment claim.  This position is at war with our Court of Appeals' decision in Park v. Howard University, 71 F.3d 904 (D.C. Cir. 1995).

Under Title VII, it is the claimant's responsibility to file a complaint of discrimination that puts the agency on notice of the conduct alleged to be unlawful.  As the Park Court explained, in words that are applicable to this case:

> Park's charge not only lacks the words "hostile work environment," but also lacks any factual allegations supporting such a claim. . . . The bald statement that "[i]t is my belief that I was denied the opportunity for advancement in my career because of . . . my national origin" cannot be read to encompass a hostile work environment claim.

71 F.3d at 908.

There can be no dispute that plaintiff's formal administrative complaint to the agency did not include an explicit hostile work environment claim, nor did it set forth allegations that would support a finding of a hostile work environment.  <u>See</u> Tab 1 to the Canton Declaration attached to defendant's memorandum in support of her motion for summary judgment (plaintiff's Formal Complaint Of Discrimination).  Plaintiff contended, however, in her opposition to the summary judgment motion that the agency was on notice that plaintiff was complaining about a hostile work environment, and as support for this contention, she attached numerous exhibits to her opposition to the summary judgment motion.  Defendant's response to this was to point out that plaintiff's exhibits do not give notice of a hostile work environment claim.  All that the exhibits show is that plaintiff was unhappy and felt (and had felt for a long time)that she was the victim of discrimination.

Plaintiff contends that "[d]iscovery will adduce evidence consistent with Ms. Na'im's informal complaint that a theory of hostile work environment was at the heart of her contentions."  Motion To Conduct Discovery, at page 3.  The problem with this argument is that the informal complaint, which preceded the formal complaint of discrimination, does

not give notice of a hostile work environment claim, as explained in defendant's reply memorandum in support of the summary judgment motion, at pages 5-6. Additionally, plaintiff should know what she told the agency that would have put them on notice that she was pursuing a hostile work environment claim. She does not need discovery to do this.

It is apparent that plaintiff is seeking discovery on Count II in the hope that it <u>may</u> reveal that defendant was on notice of the hostile environment claim. This approach is contrary to our Court of Appeals' decision in <u>Byrd v. U.S. Environmental Protection Agency</u>, 174 F.3d 239 (1999), where the Court addressed the Rule 56(f) issue as follows:

> Byrd had to show [in seeking a remand for discovery pursuant to Rule 56(f)] what facts he intended to discover that would create a triable issue and why he could not produce them in opposition to the motion. [Citations omitted.] "It is well settled that [c]onclusory allegations unsupported by factual data will not create a triable issue of fact." [Citation omitted.] Byrd merely alleged that "there may well be knowledge on the part of EPA employees or undisclosed documents identifying additional contacts between EPA employees and the peer panel members," [Citation omitted], a plainly conclusory assertion without any supporting facts. The District Court did not abuse its discretion in denying Byrd discovery before granting EPA's summary judgment motion.

174 F.3d at 248 n.8.

The short declaration accompanying plaintiff's Rule 56(f) motion is similarly conclusory. Plaintiff's attorney states in the declaration that she "anticipates" demanding records and documents through discovery, material that "will be requested to rebut the Government's contention that it was not put on notice regarding [plaintiff's] hostile work environment." Plaintiff's attorney states that "she further anticipates demanding records and documents relating to the basis for Ms. Na'im's 2005 performance rating by Tasha Thian, as well as documents and records contradicting Ms. Thian's assessment." The declaration ends by plaintiff's counsel stating that she "additionally anticipates deposition testimony of Ms. Thian and Margaret Grafeld regarding their threats to terminate Ms. Ni'am and their reactions to Ms. Na'im's numerous claims of discrimination against them." Declaration attached to plaintiff's Rule 56(f) Motion.

The three-paragraph declaration attached to plaintiff's motion is as conclusory as the one condemned in <u>Byrd</u>. The declaration merely reflects plaintiff's hope that discovery will salvage her case. This is not a sufficient basis to support a Rule 56(f) motion.

C. Count III, The Retaliation Claim

The summary judgment motion premised the requested dismissal of Count III on the lack of a sufficient temporal nexus between plaintiff's protected activity and the alleged retaliation (placement on the PIP), such that plaintiff could not establish a prima facie case of retaliation. The administrative complaint on which plaintiff is apparently basing her claim of protected activity (the complaint nearest in time to the alleged retaliation) was, indisputably, filed in November 2002. As to that complaint, plaintiff initially requested a hearing before an EEOC administrative judge, but she withdrew that request in April 2005. The final agency decision finding no discrimination was issued in July 2006. See Canton declaration attached to defendant's memorandum in support of her motion for summary judgment, ¶ 5. This time line simply does not support the close temporal relationship of the protected activity and the alleged retaliation that is needed to establish a prima facie case of retaliation. Plaintiff has failed to present a non-conclusory factual showing that discovery will advance her retaliation case.

D. Conclusion

For the reasons set forth above, plaintiff's motion for

7

discovery under Rule 56(f) should be denied.

                Respectfully submitted,

                JEFFREY A. TAYLOR, D.C. Bar #498610
                United States Attorney

                RUDOLPH CONTRERAS, D.C. Bar #434122
                Assistant United States Attorney
                      /s/
                FRED E. HAYNES, DC Bar #165654
                Assistant United States Attorney
                555 4th Street, N.W.
                Washington, D.C. 20530
                202.514.7201

OF COUNSEL:

Kathryn N. Skipper
Attorney-Adviser
Department of State
Washington, D.C.

```
            UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA

INTISAR R. NA'IM,              )
                               )
           Plaintiff,          )
                               )
    v.                         )  C.A. No. 06-2237 (RMU)
                               )
CONDOLEEZZA RICE,              )
Secretary of State,            )
                               )
           Defendant.          )
                               )
_____ )
```

ORDER

Upon consideration of plaintiff's motion for discovery under Fed. R. Civ. P. 56(f) and the opposition thereto, it is this ____ day of _____, 200_,

ORDERED that the motion is denied.

                                              UNITED STATES DISTRICT JUDGE

Copies to counsel of record