IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTISAR R. NA'IM ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06 CV 2237 (RMU) |
| ) | |
| CONDOLEEZA RICE ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**REPLY MEMORANDUM TO PLAINTIFF'S MOTION TO
CONDUCT DISCOVERY PURSUANT TO RULE 56(f)**

In support of its opposition to Ms. Na'im's motion to conduct discovery pursuant to Rule 56(f), the Government continues in its baseless attempt to "railroad" Ms. Na'im through a premature motion for summary judgment before she has had any opportunity to make full discovery. Dickens v. Whole Foods Market Group, Inc., 2003 WL 21486821, at 2 n.5 (D.D.C. Mar. 18, 2003)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)). The Government's attempt should be rejected.

As Ms. Na'im has previously argued, "no particular type of personnel action [is] automatically excluded from serving as the basis of a cause of action under" Title VII, including performance improvement plans. Ms. Na'im has alleged evidence that she had suffered a "tangible change in the duties or working conditions constituting a material employment disadvantage." Stewart v. Evans, 275 F.3d 1126, 1134-1135 (D.C. Cir. 2002); see also Forkkio v. Powell, 306 F.3d 1130-1131 (D.C. Cir. 2002)(reassignment with significantly different responsibilities . . . generally indicates an adverse action). Moreover, Ms. Na'im has pled facts that established that even before the PIP period was to end, instead of enduring her seemingly

1

inevitable termination, she took another job that paid her $10,000 less money.  Furthermore, that Ms. Na'im finally received a fully successful performance rating for 2005 casts doubt on her supervisors' claims that Ms. Na'im's work performance was substandard, and the unlawful discrimination was the real reason for their employment decisions.  In short, the Government's contention that Ms. Na'im's performance evaluations and PIP separately and in their totality, did not effect Ms. Na'im's working conditions to her detriment is just plain wrong.

As just one example of the speciousness of the Government's protests that discovery is inappropriate in this matter, the Government baldly asserts that plaintiff's "PIP was not placed in plaintiff's Official Personnel Folder." Defendant's Statement of Material Facts Not In Genuine Dispute, paragraph 18.  The Government has not proffered, of course, any evidence that Ms. Na'im has actually *received* her "Official Personnel Folder" in order to test its contention that the PIP was not placed in it.  A plaintiff's personnel folder is routinely requested and produced during the course of discovery in an employment matter.  Indeed, in discovery propounded on the Government by Ms. Na'im on November 1, 2007, Ms. Na'im specifically requested such information. (See Request for Documents No. 4, Plaintiff's First Request for the Production of Documents, incorporated herein as Plaintiff's  Exhibit "A").  In short, Ms. Na'im is entitled to test the bald factual claims the Government has asserted in its summary judgment motion through the full discovery process allowed under the Federal Rules of Civil Procedure.

In addition, despite the litany of complaints by Ms. Na'im about the hostility of her work environment, the Government continues to protest that it was not put on "notice" that Ms. Na'im was complaining that her work environment was hostile.  To deny that Ms. Na'im in her untrained written complaints was not asserting that she was the victim of a racially hostile work environment is simply denying the obvious.  Even the Government concedes that Ms. Na'im

complained early and often about the treatment she was receiving from her superiors, and the Government's contention that Ms. Na'im has failed to show at this stage in the proceedings that her work environment was permeated with ridicule and insults is utterly specious.  Once again, with regard to its opposition to Ms. Na'im's request for discovery, the Government conveniently disregards Ms. Na'im's proffer that no documents relating to the Government's internal EEO investigation, including the EEO counselor's report, have been produced to Ms. Na'im.  Ms. Na'im has requested the complete Report of Investigation in her discovery demand. (Ex. A, Request for Documents No. 5).  The Government's suggestion that summary judgment could fairly be granted without production of the Report of Investigation and Ms. Na'im's personnel file is simply without any merit.

Finally, the issuance of Ms. Na'im's Right to Sue letter and Tasha Thian's unsatisfactory performance evaluation and counseling session one month later was certainly *de minimus* for the purpose of establishing unlawful retaliation.  Hooven-Lewis v. Caldera, 249 F.3d 271-274 (4th Cir. 2001).  Even the six month lapse between the final agency decision dismissing Ms. Na'im's failure to promote claim against her supervisors and the actual implementation of the PIP that the Government relies upon cannot, by itself, support the Government's contention that Ms. Na'im can prove no set of facts establishing an inference of unlawful retaliation.  Nor does the Government dispute that it is well-settled that a temporal relationship between the protected activity and the subsequent adverse action is merely *one way* in which a plaintiff may establish a causal connection.  Given the many complaints by Ms. Na'im against her supervisors and what even the Government describes as "not a match made in heaven," the Government cannot establish that Ms. Na'im can prove no set of facts establishing a connection between her imposed work conditions in 2005 and 2006 and her various EEO complaints.

Here, should plaintiff be afforded the full and complete discovery for which she is entitled, plaintiff would seek additional discovery into the above crucial documents and depose defense witnesses about conversation supporting Ms. Na'im's claims that her supervisors' mistreatment was based upon the numerous EEO complaints lodged against them. That an inference could be made that Ms. Na'im as unfairly marginalized because of her persistent EEO activity is hardly speculative, and amplifying the evidence relating to discriminatory intent suffices for the relaxed requirements, at this early stage in the litigation, to suggest that discovery would reveal triable issues of fact. Carpenter v. Fed. Nat'l Mortgage Ass'n, 174 F.3d 231, 237 (D.C. Cir. 1999).

Further, the Government does not dispute that evidence relating to Ms. Na'im's charge of discrimination, including notes of interviews and the EEO counselor's final report are in the sole possession of the Government. In short, plaintiff will adduce facts directly relating to the Government's intent when it made the employment decisions alleged in plaintiff's complaint, illuminate plaintiff's theory that Ms. Na'im was the victim of a concerted effort by the Government's agents to remove her from her employment because of her race and her repeated EEO claims against them and uncover evidence wholly in the Government's possession rebutting its claims that it was not put on notice regarding Ms. Na'im's hostile work environment claim. Because so many of the relevant facts are solely within the control of the defendant or third-parties, both plaintiff and the Court are left to speculate about the outcome of discovery and the potential impact that discovery will have on the legal issues presented by defendant's motion. But that is why the proper course is for the Court to deny the summary judgment motion, without

prejudice to renewal of that motion after conclusion of discovery.

Respectfully submitted,

/s/ Lisa Alexis Jones
Lisa Alexis Jones, Esq.
Lisa Alexis Jones, PLLC
1200 G Street, N.W., Suite 800
Washington, D.C. 20005
(202) 434-4507
(202) 434-8707 Fax
orbitcv@erols.com

*Counsel for Plaintiff*

Dated: November 16, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November 2007, I caused to be served via ECF the foregoing Reply Memorandum in Support of Plaintiff's Rule 56(f) Motion for Discovery to:

Fred E. Haynes, Esq.
Assistant United States Attorney
Civil Division
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530

/s/ Lisa Alexis Jones
LISA ALEXIS JONES, ESQ.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTISAR R. NA'IM ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-2237 (RMU) |
| ) | |
| CONDOLEEZZA RICE ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF INTISAR NA'IM'S FIRST REQUEST FOR INTERROGATORIES AND THE PRODUCTION OF DOCUMENTS

TO:   CONDOLEEZZA RICE

c/o   Fred Haynes, Esq.
    Assistant United States Attorney
    Civil Division
    555 4th Street, N.W.
    Washington, D.C. 20530

COMES NOW Plaintiff, Intisar Na'im, by and through the undersigned counsel, and serves the following Interrogatories and Request for Production of Documents on Defendant, Condoleczza Rice, pursuant to Rule 26(a) of the of the Federal Rules of Civil Procedure.

## DEFINITIONS

For the purpose of these Interrogatories and Request for Production of Documents, the following definitions shall apply:

a.   As used herein, "Defendant" and "you" shall mean Condoleezza Rice or the United States Department of State.

b.   As used herein, "Plaintiff" shall mean Intisar R. Na'im.

1



EXHIBIT A

and/or retaliation to Defendant relating to the employment practices referred to in Plaintiff's complaint.

REQUEST FOR DOCUMENTS NO. 4:

The complete personnel file of Plaintiff, including but not limited to, any documents records, memoranda, notes, or computer printouts which were part of Plaintiff's personnel file.

REQUEST FOR DOCUMENTS NO. 5:

The complete Report of Investigation of Plaintiff's 2006 internal EEO complaint.

REQUEST FOR DOCUMENTS NO. 6:

Any and all documents, including all electronically stored information that is reasonably accessible, not included in Plaintiff's personnel file which supports, evidence, relate or otherwise pertain to Plaintiff's employment with Defendant, including but not limited to, documents relating to or reflecting job performance, performance evaluations, promotions, and awards to Plaintiff, or discipline of Plaintiff.

REQUEST FOR DOCUMENTS NO. 7:

Any and all employee handbooks, including all electronically stored information that is reasonably accessible, which Defendant gave to Plaintiff during her employment with Defendant.

REQUEST FOR DOCUMENTS NO. 8:

Any and all documents, including all electronically stored information that is reasonably accessible, which support or evidence compensation paid to Plaintiff during her employment with you, including but not limited to, salary, bonuses, and commissions.